Pratt, J.
The good will of a business firm is an *269 important part of its property, and will be protected by a court of equity whenever a proper case arises. In this case it is alleged and not denied that it constituted the most valuable part of the firm assets. Any appropriation of it by one partner to the exclusion of the other, unless acquired upon a fair sale, is manifestly a wrong not to be tolerated.
The facts shown clearly sustain the plaintiff’s allegations that it has been so appropriated. The defendant closely imitates the name of the late firm, and not satisfied with that, describes himself as “Successor to A. Bininger & Co.”
He also placed signs in close proximity to the firm’s late place of business, with the plain intent of diverting any trade that followed the late firm to the place now occupied by him.
If this is allowed, the plaintiff’s interest in the good will of A. Bininger & Co.'will be destroyed.
The fact that defendant’s name is “A. Bininger Clark,” does not obscure the defendant’s wrongful design, nor in any manner change the case.
After having for forty years written his name “Abm. B. Clark,” his now writing “A. Bininger Clark,” cannot be considered an accident. If it is one, he should be admonished not to continue it in a manner so likely to mislead the public.
Our statutes provide for changing names, and it has. been held that at common law a person may change his name at will. But it by no means follows that after making such change a person may so use his new name as to attract business from another person whose name he has adopted.
The receivership does not affect the right of the plaintiff to bring this suit, nor does the assignment in bankruptcy. The plaintiff has an interest in protecting the property of the late firm, so that his debts may be
*270 discharged, and possibly a surplus realized for his own use. He is therefore a propér person to bring this suit. The injunction must be continued.